IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUAN MARIANO PASCUAL,

        Petitioner,

v.                                                                       Civil Action No. 5:06CR39
                                                                          Criminal Action No. 5:07cv121

UNITED STATES OF AMERICA,                      (JUDGE STAMP)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED
BECAUSE DEFENDANT WAIVED THE RIGHT TO FILE A COLLATERAL ATTACK
INCLUDING A MOTION UNDER 28 U.S.C. § 2255**

**I. INTRODUCTION**

On September 21, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government was ordered to answer petitioner's Motion Under 28 U.S.C. § 2255 on November 5, 2007.[2] The Government filed its response on December 3, 2007.[3] Petitioner did not file a Reply.

**II. FACTS**

**A. Conviction and Sentence**

On October 23, 2006, petitioner signed a plea agreement by which he agreed to plead guilty to Count One of the indictment, Re-entry by a Removed Alien, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1). The petitioner waived his right to appeal and to

---

[1] Docket No. 34

[2] Docket No. 36

[3] Docket No. 38

collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 13. The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly makes the following waiver of his appellate rights in exchange for the concessions made by the United States in this plea agreement: (1) The defendant knowingly waives the right to appeal his sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement; and (2) the defendant also waives his right to challenge his sentence, or the manner in which it was determined, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.
> The above waiver notwithstanding, the defendant will retain his appellate rights (but not his rights to challenge the sentence via collateral attack) with respect to any sentence that includes a term of imprisonment in excess of (58) fifty-eight months, and the United States will retain the right to appeal any sentence that includes a term of incarceration of less than (46) forty-six months. This reservation of rights is designed to ensure that the United States retains the benefits of the plea agreement. It is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be.

On November 15, 2006, the petitioner entered his plea in open court. (Plea transcript p. 1). Petitioner was 46 years old and completed high school. (Id. at 2). Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 19). The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 11-12). However, the court advised petitioner he waived his right to seek post conviction relief except for claims of ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose. (Id. at 11-12). The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 12). The Court then reviewed all the rights petitioner

was giving up by pleading guilty. (Id. at 15 - 18). During the plea hearing, the Government presented the testimony of Kenneth J. Rochford, Special Agent, Department of Homeland Security, Immigration and Customs Enforcement, to establish a factual basis for the plea. (Id. at 20 - 23). The petitioner did not contest the factual basis of the plea, but his counsel added personal information regarding petitioner's work experience and prior convictions in the United States and petitioner's family life. (Id. at 23 - 25).

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 1 of the indictment. (Id. at 26). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id.). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.). The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 26 - 27). Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty. (Id. at 27).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 27 - 28). The petitioner did not object to the Court's finding.

On February 12, 2007, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 46 months imprisonment.

**B.     Appeal**

Petitioner did not pursue a direct appeal.

**C.     Federal Habeas Corpus**

Petitioner contends that his sentence was unreasonable because of: a) his family circumstances, b) his employment history, c) ineligibility for drug program reduction, d) no credit for time served in immigration custody, and e) the sentencing guidelines overstate the harm of the offense.

The Government contends that petitioner waived his right to bring a motion pursuant to 28 U.S.C. § 2255, and petitioner's claim lacks substantive merit.

**D.     Recommendation.**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction and petitioner's claim does not fall within the three exceptions recognized by the Court.

### III.  ANALYSIS

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system.  Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977).  However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality."  Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement."  United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that

4

"a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

The recent unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir.

5

Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the statutory maximum, the record established that defendant made a knowing and voluntary waiver of rights. Similarly here, the district court conducted a Rule 11 colloquy and the petitioner mentioned he waived his right to appeal any sentence below 58 months. (Tr. 11). Petitioner waived his right to collaterally attack the sentence if his sentence was 58 months or less. (Plea agreement paragraphs 13). His sentence was 46 months imprisonment. The only reasonable conclusion is petitioner waived the right to collaterally attack the guilty plea.

Nevertheless, during this Court's usual colloquy regarding the waiver of post conviction relief, the Court explicitly excepted certain claims from the waiver. Specifically, the colloquy contained the following waiver:

> THE COURT: But do you understand that you have waived your right to seek any post-conviction relief, including that under the so-called habeas corpus statute, subject to certain exceptions, such as ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose. And do you understand that waiver?
>
> THE DEFENDANT: Yes.

Therefore, the only post conviction claims that the petitioner did not waive, and would be cognizable in a Motion Under 28 U.S.C. §2255, are claims of ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose. Petitioner claims that his sentence is unreasonable. An unreasonable sentence is not one of the three exceptions which the Court advised petitioner. Therefore, petitioner has waived his right to bring this claim, and relief should be denied.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** and dismissed from the docket.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 20, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE