IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUAN MARIANO PASCUAL,

    Petitioner,

v.                            Civil Action No. 5:07CV121
                                (Criminal Action No. 5:06CR39)
UNITED STATES OF AMERICA,                     (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] petitioner, Juan Mariano Pascual, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The government filed a response to which the petitioner did not reply.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied because in his plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. The magistrate judge informed

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

the parties that if they objected to any portion of the report and recommendation, they must file written objections within ten days after being served with copies of the report. The time for objections has now passed, and no objections have been filed to date. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Facts

On November 15, 2006, the petitioner pled guilty, following a plea agreement, in the United States District Court for the Northern District of West Virginia to re-entry by a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). On February 12, 2007, the petitioner was sentenced to forty-six months of imprisonment.

After his sentencing, the petitioner did not file a direct appeal. Rather, he filed a motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, claiming several grounds for relief.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F.

Supp. 825 (E.D. Cal. 1979). Because the parties did not file any objections, this Court reviews the report and recommendation for clear error.

## IV. Discussion

The petitioner asserts five grounds for relief in his § 2255 petition, contending that his sentence was unreasonable for the following reasons: (1) his family circumstances; (2) his employment history; (3) ineligibility for drug program reduction; (4) lack of credit for time served in immigration custody; and (5) overstatement by the sentencing guidelines of the harm of the offense.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 petition be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction when he pled guilty to Count One of the indictment charging him with re-entry of a removed alien. Specifically, the petitioner signed a plea agreement on October 23, 2006, which stated that he "waives his right to challenge his sentence, or the manner in which it was determined, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255."[2] Moreover, this Court, as the sentencing court, conducted a thorough plea colloquy in which the

---

[2]The plea agreement was filed by this Court on November 20, 2006.

3

petitioner confirmed that he understood the terms of the plea agreement and the rights he was giving up, including the right to collaterally attack his sentence.  The magistrate judge determined that because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction, the petitioner's application for habeas corpus relief pursuant to § 2255 must be denied.  This magistrate judge's determination is not clearly erroneous.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds no clear error in the magistrate judge's findings, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED AND DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of

this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 28, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE